USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/15/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JIANJUN CHEN, QING PU, YOUCHUN :
ZHENG, ALLEN CHUN KANG, MINZHONG :
DUAN, CHEE KIANG FOO, JIANSHE WANG,:
GUOLONG FU, GUANGZHENG SUN, : 1:16-cv-5735-GHW
GENXIANG ZHANG, GENGSHEN ZHAO, :
JIANXIN FENG, QUN WAN, *on behalf of themselves*: OPINION AND ORDER
*and others similarly situated*, :
 :
 Plaintiffs, :
 -against- :
 :
2425 BROADWAY CHAO RESTAURANT, :
LLC, *d/b/a* Ollie's To Go Restaurant, WMK 89TH :
STREET, LLC, *d/b/a* Trattoria Di Vino, TSU :
YUE WANG, "JOHN WANG", CHO KAM :
SZE, CINDY "DOE", ANTHONY J. :
MAZZOLA, VICTOR KASNER, and KEVIN :
GARCIA, :
 :
 Defendants. :
------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

The plaintiffs in this putative collective and class action lawsuit under the Fair Labor Standards Act and the New York Labor Law have sued two restaurants and seven individuals who are alleged to be owners, operators, and/or shareholders of one or both of the restaurants. In addition to their wage-and-hour claims, Plaintiffs bring claims for breach of implied contract and fraudulent filing of information returns. One of the defendants, Tsu Yue Wang, has moved to dismiss the operative complaint under Federal Rule of Civil Procedure 12(b)(6) on various grounds, including that Plaintiffs have not adequately pleaded that he was their "employer" under the FLSA or NYLL and that some of the claims have been discharged in bankruptcy. For the reasons stated below, Defendant Wang's motion to dismiss is GRANTED IN PART AND DENIED IN PART.

I.  **BACKGROUND**[1]

Plaintiffs are thirteen former deliverymen who worked during various periods between 2010 and 2015 for Defendant 2425 Broadway Chao Restaurant, LLC d/b/a Ollie's To Go Restaurant ("Ollie's"), Defendant WMK 89th Street LLC d/b/a Trattoria Di Vino ("Trattoria Di Vino") (collectively, the "Corporate Defendants"), or both.  Am. Compl. (ECF No. 56) ("AC") ¶¶ 8-20, 67-272.  They allege that the corporate and individual defendants, as "joint employers," are liable to them for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), including the provisions regarding minimum wages, overtime compensation, spread-of-hours pay, record-keeping requirements, time-of-hire wage notice requirements, and paystub requirements.  AC ¶¶ (a)-(kkk).  Plaintiffs also bring claims for breach of an implied contract for reimbursement of delivery-vehicle expenses and for fraudulent filing of information returns.  AC ¶¶ (ll)-(ww).

Plaintiffs initiated this case on July 20, 2016.  On November 14, 2016, after an extension of the answer deadline, Defendant Tsu Yue Wang filed a motion to dismiss.  ECF Nos. 51-53.  In lieu of responding to that motion, Plaintiffs filed their Amended Complaint on December 3, 2016.  AC.  Wang filed a motion to dismiss the Amended Complaint on December 23, 2016, ECF Nos. 61-63, Plaintiffs filed their opposition on January 6, 2017, ECF No. 66, and Wang filed his reply on January 13, 2017, ECF No. 67.

Although the Amended Complaint names nine defendants, Wang is the only one who has appeared in the case to date.  Although not all claims in the Amended Complaint are asserted on behalf of all plaintiffs and against all defendants, Wang is the common denominator—he is named

---

[1] Unless otherwise noted, the facts are taken from the amended complaint and are accepted as true for the purposes of this motion.  *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

as a defendant with respect to all twelve claims. *See* AC ¶¶ (a)-(nnn). The Amended Complaint provides some, but not much, detail regarding Wang's relationship with the Corporate Defendants and his role vis-à-vis Plaintiffs' employment at Ollie's and/or Trattoria. Plaintiffs allege that Wang is an "owner/operator and/or majority shareholder of both of the Corporate Defendants." AC ¶ 33. He "came to the restaurant two or three times a week on a regular basis, usually for a period exceeding an hour, communicated with kitchen chefs and cashiers, tasted dishes, and looked around the restaurant." AC ¶ 35. Plaintiffs allege on information and belief that Wang hired Defendant "John" Wang to "oversee the operation of the restaurant in his absence." AC ¶ 36. According to the Amended Complaint, "[a]fter inspecting the restaurant," Wang would "direct Defendant 'John' Wang on how to manage the business, including the discipline of employees." AC ¶ 37. Wang also hired Plaintiff Guangzhang Sun. AC ¶ 38. Finally, the Amended Complaint alleges that Wang dispatched eleven of the thirteen plaintiffs to deliver customer orders and scheduled them to distribute flyers for both restaurants. AC ¶ 31.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge"

claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In determining the adequacy of a claim under Rule 12(b)(6), a court is generally limited to "facts stated on the face of the complaint," "documents appended to the complaint or incorporated in the complaint by reference," and "matters of which judicial notice may be taken." *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016). The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam). Legal conclusions, unlike facts, are not entitled to an assumption of truth. *Iqbal*, 556 U.S. at 679. A complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555, 557).

## III.  DISCUSSION

In his motion, Wang raises various grounds for dismissal of the claims asserted against him. The Court will address them in turn.

### A. Claims Allegedly Discharged in Bankruptcy

Wang contends that all claims against him that arose prior to February 29, 2012 must be dismissed because they were discharged in bankruptcy. Def.'s Mem. of Law in Supp. of Mot. to Dismiss (ECF No. 62) ("Def.'s Mem.") at 13-14. He attaches to his motion an Order Confirming Plan of Reorganization dated February 29, 2012 and signed by The Honorable Martin Glenn of the United States Bankruptcy Court for the Southern District of New York. Decl. of Matthew A. Brown in Supp. of Mot. to Dismiss (ECF No. 63), ¶ 3 & Ex. C ("Confirmation Order"). That order states:

> Pursuant to Section 1141 and as set forth in the Plan, upon the completion of all payments required under the Plan, individual debtor Tsu Yue Wang shall be discharged and/or deemed released from any and all debts which arose before the date of confirmation of the Plan and any and all debts of a kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (a) a proof of claim based on such debt is filed or deemed filed under Section 501 of

> the Bankrupcty Code; (b) such claim is allowed under Section 502 of the Bankruptcy Code; (c) such claim is listed on the Debtors' schedules and lists heretofore filed herein; (d) the holder of such claim has, or has been deemed to have accepted the Plan.

Confirmation Order ¶ 5(b).

As an initial matter, Wang does not provide an adequate legal basis for the Court to consider the Confirmation Order in ruling on his motion to dismiss. He contends that "the Court may take judicial notice of [his] bankruptcy filing and confirmation plan in deciding this motion" and cites, for support, a passage from a Second Circuit decision stating that courts may consider public records when they are "integral to a . . . complaint"). Def.'s Mem. at 13. That is not a valid basis here, because the Confirmation Order is by no means integral to the Amended Complaint. "A document is integral to the complaint where the complaint relies heavily upon its terms and effect." *Goel*, 820 F.3d at 559 (2d Cir. 2016) (internal quotation marks and citation omitted). Nothing in the Amended Complaint relies to any extent at all on the terms and effect of the Confirmation Order.

Nevertheless, even assuming that the Court may properly consider the Confirmation Order, the Court denies Wang's motion to dismiss all pre-February 29, 2012 claims as discharged. 11 U.S.C. § 727(b) provides that, as a general matter, once a bankruptcy is concluded "all debts that arose before the date of the order for relief" are discharged. With respect to a debtor who is an individual, however, discharge is subject to the exceptions set forth in § 523. 11 U.S.C. § 1141(d)(2) ("A discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title."); *see also* § 727(b)(2) ("*Except as provided in section 523* of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief . . . ." (emphasis added)). Section 523(a)(3) provides, in turn, that a debt is not discharged if it "was not scheduled and the creditor lacked notice or actual knowledge of the case." *In re Massa*, 187 F.3d 292, 296 (2d Cir. 1999) (citing § 523(a)(3)); *see also Shu Lun Wu v. May Kwan Si, Inc.*, 508 B.R. 606, 611-12 (S.D.N.Y. 2014) ("[T]he claim of a

creditor who is not listed on an individual chapter 11 debtor's schedules will not be discharged unless the creditor had notice of the bankruptcy case in time to file a timely proof of claim.").

Wang did not submit his schedules in connection with his motion, and thus the Court has no basis to conclude that Plaintiffs' claims were effectively discharged by operation of the Confirmation Order. Nor is there anything in the Amended Complaint or any other material that the Court may properly consider at this juncture that shows that Plaintiffs had notice or actual knowledge of the bankruptcy case. Wang's attempt to fill this gap by providing a declaration that "[i]t is [his] understanding that [his] bankruptcy attorney sent out a notice of [his] bankruptcy to all creditors," Decl. of Tsu Yue Wang in Further Supp. of Mot. to Dismiss (ECF No. 68), is unavailing. The Court may not consider that statement at the pleading stage. Given Wang's arguments here that he was not the "employer" of these plaintiffs, the Court declines to assume that he notified them as creditors of his bankruptcy estate.[2] As a result, Wang's motion to dismiss all claims against him that arose prior to February 29, 2012 is denied.

### B. FLSA and NYLL Claims

#### 1. "Employer"

Wang presents several arguments as to why some or all of the FLSA and NYLL claims in the Amended Complaint should be dismissed. First, and most broadly, he argues that Plaintiffs fail adequately to allege that he is their "employer" within the meaning of the FLSA and the NYLL. Under the FLSA, an individual may be held liable if he is deemed an "employer," which is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee."

---

[2] Wang also cites to Judge Castel's decision granting summary judgment in his favor as to all claims arising prior to February 29, 2012 in *Tian v. Ollie's 42nd LLC*, No. 15-cv-5499 (PKC), 2016 WL 6900684, at *4 (S.D.N.Y. Nov. 22, 2016). Aside from the obvious difference in procedural posture between that case and this one, Judge Castel's decision makes clear that summary judgment was appropriate in that case because the plaintiffs had conceded that such claims had been effectively discharged. *Id.* That is not the case here.

29 U.S.C. § 203(d).[3]  "This definition is necessarily a broad one, in accordance with the remedial purpose of the FLSA." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 66 (2d Cir. 2003).  The regulations implementing the FLSA expressly recognize that a worker may be employed by more than one entity or individual at the same time.  29 C.F.R. § 791.2(a) ("A single individual may stand in the relation of an employee to two or more employers at the same time . . . .").  With respect to "employer" status, "[t]he NYLL's definitions are nearly identical to the FLSA's," *Glatt v. Fox Searchlight Pictures Inc.,* 293 F.R.D. 516, 526 (S.D.N.Y. 2013), and "[d]istrict courts in this Circuit have interpreted the definition of 'employer' under the New York Labor Law coextensively with the definition used by the FLSA," *Sethi v. Narod*, 974 F. Supp. 2d 162, 188 (E.D.N.Y. 2013) (collecting cases).

The Supreme Court "has instructed that the determination of whether an employer-employee relationship exists for purposes of the FLSA should be grounded in 'economic reality rather than technical concepts.'" *Barfield v. New York City Health & Hospitals Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (quoting *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961)).  As a result, "[t]he Second Circuit 'has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances.'" *Irizarry*, 722 F.3d at 104 (2d Cir. 2013).  "The 'economic reality' test applies equally to whether workers are employees and to whether managers or owners are employers." *Id.* (citation omitted).

An individual need not be personally complicit in FLSA violations to be deemed an "employer." *Irizarry*, 722 F.3d at 110.  In determining whether a given individual is an "employer," the "overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality presented by the facts of each case.'"

---

[3] As the Second Circuit has recognized, the statutory definition of "employer" is relatively unhelpful, because it "relies on the very word it seeks to define," and the "statute never defines 'employer' in the first instance." *Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013).

*Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citations omitted).  "Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is insufficient to demonstrate 'employer' status.  Instead, to be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment." *Irizarry*, 722 F.3d at 109.  The relevant factors in determining whether an employment relationship exists for purposes of the FLSA include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at 104-05 (quoting *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).  However, those factors are not exclusive, nor is any one factor dispositive. *Barfield*, 537 F.3d at 142-43.  Instead, "[s]ince economic reality is determined based upon *all* the circumstances, any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition." *Herman*, 173 F.3d at 139 (emphasis in original).

      Here, the allegations in the Amended Complaint, while somewhat thin, are sufficient to withstand Wang's motion to dismiss.  As noted earlier, the fact that Wang is alleged to be an owner/operator and/or majority shareholder of the Corporate Defendants, without more, is not enough.  *See Irizarry*, 722 F.3d at 109, 111.  Further, as Wang correctly notes, Plaintiffs' boilerplate recitation of the four *Carter* factors is not entitled to the assumption of truth, and therefore cannot give rise to a plausible inference that Wang is an "employer." *See Iqbal*, 556 U.S. at 678.  However, the Court concludes that the remaining, non-conclusory allegations are sufficient to create a plausible inference that Wang possessed operational control over Plaintiffs' employment such that it would be consistent with the FLSA's broad remedial purpose to hold him liable for the alleged violations of the FLSA and NYLL.

As described earlier, Plaintiffs allege that Wang hired Defendant "John" Wang to oversee the operation of the restaurants, made regular weekly visits to the restaurants and, after those visits, directed "John" Wang on how to manage the restaurants, including direction with respect to the discipline of employees. AC ¶¶ 35-37. According to the Amended Complaint, Wang also hired one of the Plaintiffs, AC ¶ 38, dispatched the Plaintiffs to deliver customer orders, and scheduled them to distribute flyers for both restaurants, AC ¶ 31. These allegations, when viewed together with the fact that Wang is alleged to be an owner/operator and/or a majority shareholder of both restaurants, are sufficient at the pleading stage to show that Wang possessed the "power to control the workers in question," *see Herman*, 172 F.3d at 139, and exercised it at least to some extent.

To be clear, the Court does not conclude here that the allegations in the Amended Complaint are true or that Wang was in fact Plaintiffs' "employer." Wang is not precluded from raising his arguments again on a motion for summary judgment, a posture in which the Court will be permitted to review evidence and will not be restricted to the allegations in the Amended Complaint. At this early stage of the litigation, however, Plaintiffs have adequately alleged that Wang is an "employer" for purposes of both the FLSA and the NYLL. Therefore, this ground for dismissal of Plaintiffs' claims under those statutes is denied.

### 2. Supplemental Jurisdiction over NYLL Claims by Plaintiffs Chen, Pu, Zheng, Foo, Duan, Fu, and Sun

Although the original complaint filed in this action asserted FLSA claims on behalf of all thirteen plaintiffs, the Amended Complaint asserts FLSA claims on behalf of only six of them. Specifically, the Amended Complaint asserts no FLSA claims on behalf of Plaintiffs Jianjun Chen, Qing Pu, Youchun Zheng, Chee Kiang Foo, Minzhong Duan, Guolong Fu, and Guangzheng Sun (collectively, the "Non-FLSA Plaintiffs"). In light of that fact, Wang contends that the Court "must" decline to exercise supplemental jurisdiction over the Non-FLSA Plaintiffs' state-law claims.

As an initial matter, Wang is incorrect that the Court "must" decline to exercise

supplemental jurisdiction over the Non-FLSA Plaintiffs' state-law claims merely because they assert no FLSA claims.[4]  28 U.S.C. § 1367(a) provides that courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," including those that "involve the joinder or intervention of additional parties."  28 U.S.C. § 1367(a).  As the Second Circuit has recognized, § 1367(a) "responds to the Supreme Court's decision in *Finley v. United States*, 490 U.S. 545 . . . (1989) and thereby makes pendent party jurisdiction possible where the claim in question arises out of the same set of facts that give rise to an anchoring federal question claim against another party." *Kirschner v. Klemons*, 225 F.3d 227, 239 (2d Cir. 2000); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 557 (2005) ("In *Finley*, we emphasized that '[w]hatever we say regarding the scope of jurisdiction conferred by a particular statute can of course be changed by Congress.  In 1990, Congress accepted the invitation." (internal citation omitted)).

      Supplemental jurisdiction over the Non-FLSA Plaintiffs' state-law claims exists, therefore, if those claims "arise[ ] out of the same set of facts that give rise to an anchoring federal question claim."  *Kirschner*, 225 F.3d at 239.  To determine whether that test is met, courts ask whether "the facts underlying the federal and state claims substantially overlapped . . , [or] the federal claim necessarily brought the facts underlying the state claim before the court."  *Morales v. Mw Bronx, Inc.*, No. 15-cv-6296 (TPG), 2016 WL 4084159, at *4 (S.D.N.Y. Aug. 1, 2016) (quoting *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)).  The Court agrees with Plaintiffs that the Non-FLSA Plaintiffs' state-law claims are sufficiently related to the FLSA claims that they form part of the same case or controversy.  Their claims involve the same issues of hours and payments for plaintiffs who were employed in the same jobs, doing the same work, during periods that overlap

---

[4] The Court observes that the Non-FLSA Plaintiffs do assert one federal claim in the Amended Complaint.  *See* AC ¶ 60 (fraudulent filing of information returns).  However, as discussed *infra*, the Court is dismissing that claim.

with many of the FLSA plaintiffs.  Accordingly, supplemental jurisdiction exists over those claims.  *See, e.g., Ouedraogo v. Durso Assocs., Inc.*, No. 03-cv-1851 (RLC), 2005 WL 1423308, at *2 (S.D.N.Y. June 16, 2005) (exercising supplemental jurisdiction where "[p]laintiffs allege similar claims and all share a basic common story, namely, that, as employees of Hudson/Chelsea, they were placed in various Key Food stores where they delivered groceries and allegedly provided a range of in-store help, worked long hours, and were paid wages below the statutory minimum"); *Chen v. Street Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 277 (E.D.N.Y. 2005) (exercising supplemental jurisdiction over four plaintiffs' NYLL claims even though those plaintiffs' federal FLSA claims had become time-barred and could no longer be asserted).

To the extent that Wang asks the Court to decline supplemental jurisdiction over the Non-FLSA Plaintiffs' claims as a matter of discretion, that request is denied.  Section 1367(c) provides four circumstances under which a district court may decline to exercise supplemental jurisdiction, and none of them apply here.  *See Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998) ("[T]he discretion to decline supplemental jurisdiction is available only if founded upon an enumerated category of subsection 1367(c).").  As a result, Wang's arguments concerning judicial economy, convenience, and fairness, while not particularly convincing, are also irrelevant.  Simply put, the Court cannot exercise its discretion when no such discretion exists.  The Court rejects Wang's invitation to contradict clearly established Second Circuit law.

### 3.  Timeliness of Claims Against Trattoria Di Vino

Wang also requests that the Court dismiss all FLSA claims asserted against Trattoria Di Vino, as well as against Defendants Tsu Yue Wang, Mazzola, Kasner, and Garcia in their capacities as owners/operators of Trattoria Di Vino, on timeliness grounds.  The limitations period for FLSA claims is two years or, if the violation was willful, three years.  29 U.S.C. § 255(a).  A cause of action accrues under the FLSA "on the next regular payday following the work period when services are

11

rendered." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198 (2d Cir. 2013) (citing 29 C.F.R. § 790.21(b)). This action was initiated on July 20, 2016; thus, any claims that accrued prior to approximately that date in 2013 (assuming willfulness) are untimely.

In the Amended Complaint, only Plaintiffs Kang, Wang, Zhang, and Zhao (collectively, the "Trattoria Plaintiffs") have asserted FLSA claims against Trattoria Di Vino. The Trattoria Plaintiffs each allege that they were "employed by" both of the Corporate Defendants starting in either 2010 or 2011 and ending in 2015. AC ¶¶ 115, 163, 211, 227. They also each allege that they were "required to deliver" for both of the Corporate Defendants starting in either 2010 or 2011 and ending by September 2011. AC ¶¶ 116, 164, 212, 228. Wang contends that the Trattoria Plaintiffs' FLSA claims against Trattoria Di Vino (and Defendants Wang, Mazzola, Kasner, and Garcia to the extent they are sued as owner/operators of Trattoria Di Vino) should be dismissed as untimely because each of the Trattoria Plaintiffs ceased making deliveries for Trattoria Di Vino in 2011, more than three years before this action was filed. For their part, Plaintiffs argue that, even though the Trattoria Plaintiffs stopped making deliveries for Trattoria Di Vino in 2011, Trattoria Di Vino and its owners and operators remain potentially liable for services they performed for other defendants after that time and within the limitations period, because they are "joint employers." The Court agrees with Plaintiffs.

Under the "joint employer" test, courts evaluate the totality of the circumstances, viewed in light of "economic reality," to assess whether "an entity has functional control over workers even in the absence of the formal control measured by the *Carter* factors." *Zheng*, 355 F.3d at 72; *see also Barfield*, 537 F.3d at 149 (viewing "joint employment as a question to be resolved from the totality of the evidence"). Courts in this District have also applied the "single integrated enterprise" test to "assess whether a group of distinct but closely affiliated entities should be treated as a single employer for FLSA purposes." *Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014)

12

(collecting cases). Under that test, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id.* Although allegations of common ownership and common purpose are relevant, they are not sufficient on their own under either test. *See Apolinar v. R.J. 49 Rest., LLC*, No. 15-cv-8655 (KBF), 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016); *Lopez v. Acme Am. Envtl. Co.*, No. 12-cv-511 (WHP), 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012).

Here, Plaintiffs allege that Ollie's and Trattoria shared at least one common owner (Wang), shared employees (including the Plaintiffs), and that Wang dispatched Plaintiffs to make deliveries and scheduled Plaintiffs to distribute flyers for both restaurants. AC ¶ 31, 33. In evaluating these allegations, the Court is mindful of the fact-intensive nature of the joint-employer inquiry. *See Zheng*, 355 F.3d at 76 n.13. In the context of Title VII, the Second Circuit has held that "[w]hether two related entities are sufficiently integrated to be treated as a single employer is generally a question of fact not suitable to resolution on a motion to dismiss." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 226 (2d Cir. 2014); *see also Div. 1191 Amalgamated Trans. Union v. N.Y.C. Dep't of Educ.*, No. 13-cv-9112 (PKC), 2014 WL 4370724, at *9 (S.D.N.Y. Aug. 27, 2014) (stating that, because the joint employer inquiry under the NLRA is "factual in nature, it is not amenable to adjudication in a motion to dismiss"). The joint-employer inquiry is no less fact-intensive under the FLSA or NYLL than it is under Title VII or the NLRA. *See Chimbay v. Pizza Plus at Staten Island Ferry, Inc.*, No. 15-cv-2000 (RLE), 2016 WL 1064611, at *4 (S.D.N.Y. Mar. 14, 2016) (magistrate judge) (applying the maxim from *Brown* to FLSA claims).

With that in mind, the Court concludes that Plaintiffs have pleaded sufficient facts to allow claims to proceed against Trattoria and its owner/operators at this stage of the litigation. The allegations, though not exhaustive in detail, show an interrelation of operations with respect to deliveries and the distribution of flyers both in terms of who performed those tasks (Plaintiffs) and

who assigned them (Wang), as well as some degree of common ownership and management.  As Wang points out, the latest date on which the four Trattoria Plaintiffs are alleged to have performed work for both restaurants is September 2011.  AC ¶¶ 116, 164, 212, 228.  If those were the only allegations concerning the sharing of employees or coordinated management, the Court may well conclude that Plaintiffs had failed to allege that Ollie's and Trattoria were "joint employers" during any period after that date.  But that is not the case.  Plaintiffs also allege that Wang dispatched and scheduled eleven of the plaintiffs to make deliveries and distribute flyers for both restaurants during an unspecified period of time.  AC ¶ 31.  Because the Court is required to draw all reasonable inferences in favor of Plaintiffs, the Court will assume for the purposes of this motion that this shared use of employees and coordinated management continued past 2011.

As with the issue of whether he is an "employer," Wang will have an opportunity to show that the *evidence* does not support treating Trattoria as a joint employer on summary judgment.  However, the *allegations* in the Amended Complaint are sufficient to survive a motion to dismiss.[5]

### 4.   Claims for Violations of NYLL §§ 195(1) and 195(3).

Plaintiffs also assert two claims for violation of the notice and record-keeping requirements of NYLL § 195.  Specifically, they allege that Defendants failed to provide time-of-hire wage notices as required by § 195(1)(a) and detailed paystubs as required by § 195(3).  AC ¶¶ (ccc)-(kkk).  Wang argues that these claims must be dismissed because no private right of action exists for those violations.  Wang is incorrect, or at least overly simplifies the issue.  The NYLL, in its current incarnation effective as of April 9, 2011, expressly provides that any employee who is not provided with the time-of-hire wage notice or paystubs as required by §§ 195(1) and (3) may recover damages in a civil action.  § 198(1).  That is not the end of the matter, however.  Wang contends, in the

---

[5] As for Wang's contention that Trattoria could not have been a joint employer after January 2012 because it "closed down in or around January 2012," Wang provides no basis for the Court to consider that extraneous fact in ruling on his motion.

alternative, that the time-of-hire wage notice claims asserted on behalf of Plaintiffs Chen, Pu, Zheng, Kang, Duan, Foo, Wang, Fu, Sun, and Zhang must be dismissed because they were hired prior to April 9, 2011. The Court agrees.

The version of § 195 in force between October 27, 2009 and April 8, 2011 (when those plaintiffs were hired) required employers to provide time-of-hire wage notices and paystubs, although that version provided much less detail with respect to the required content of those documents than is found in the current iteration of the statute. *See* N.Y. Lab. Law § 195 (eff. Oct. 26, 2009 to Apr. 8, 2011). However, the private right of an employee to bring a civil action for violation of those requirements was not added until the version of § 198 that went into effect on April 9, 2011. S.B. 8380, 233rd Legis., Reg. Sess. (N.Y. 2010). Thus, the above-named plaintiffs, who were hired prior to April 9, 2011, cannot maintain a private action for violation of the time-of-hire wage notice requirement unless the 2011 amendments to the New York Labor Law apply retroactively. The Second Circuit has already addressed that question and has held that they do not. *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 143-44 (2d Cir. 2013). Although, as Plaintiffs point out, the Second Circuit in *Gold* was interested specifically in the retroactivity of a different provision of the 2011 amendments, the Circuit's analysis of retroactivity applies equally to the 2011 amendments as a whole. *See, e.g.*, *Ramirez v. Oscar De La Renta, LLC*, No. 16-cv-7855 (RA), 2017 WL 2062960, at *6 (S.D.N.Y. May 12, 2017) (holding that private right of action for violation of time-of-hire wage notice requirement does not apply retroactively to violations occurring before April 9, 2011). The Court need not repeat that analysis here. Suffice it to say that "retroactive operation of statutes is not favored by [New York] courts," and it "takes a clear expression of the legislative purpose to justify a retroactive application." *Gold*, 730 F.3d at 143 (quoting *Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 696 N.E.2d 978, 980 (N.Y. 1998)). As the Second Circuit explained in *Gold*, there is no clear support for retroactivity in either the text of the amendments—which states only that "this act shall

take effect on the one hundred twentieth day after it shall have become a law"—or in the legislative history.  730 F.3d at 143-44 (quoting S.B. 8380).

Thus, the claims for violation of NYLL § 195(1) asserted by Plaintiffs Chen, Pu, Zheng, Kang, Duan, Foo, Wang, Fu, Sun, and Zhang are dismissed.  Because those claims are precluded as a matter of law, they are dismissed with prejudice.

### C.  Breach of Implied Contract Claims

In the Amended Complaint, Plaintiffs asserts claims for breach of an implied contract to be reimbursed for the cost of, and expenses related to, their delivery vehicles.  Wang has moved to dismiss those claims for failure to allege the existence of an implied contract.  In their opposition, Plaintiffs fail to respond to that argument; indeed, they make no mention of this claim at all.  By failing to address Wang's arguments in support of dismissing the claims for breach of implied contract, Plaintiffs are deemed to have withdrawn or abandoned those claims.  *See, e.g.*, *Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08-cv-442 (TPG), 2014 WL 4723299, at *7 (S.D.N.Y. Sept. 23, 2014) ("At the motion to dismiss stage . . . a plaintiff abandons a claim by failing to address the defendant's arguments in support of dismissing that claim." (citation omitted)); *Bonilla v. Smithfield Assocs. LLC*, No. 09-cv-1549 (DC), 2009 WL 4457304, at *4 (S.D.N.Y. Dec. 4, 2009) (Chin, J.) (dismissing claims "as a matter of law" as "effectively abandoned" where defendant had raised three arguments for dismissal and plaintiff responded to only one in his opposition papers); *Lipton v. Cty. of Orange, N.Y.*, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004) ("This Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.").  Accordingly, Plaintiffs' claim for breach of implied contract is dismissed as against Defendant Tsu Yue Wang.[6]

---

[6] To the extent that Wang invites the Court to dismiss this and any other claims as against other defendants, the Court declines that invitation.  Those defendants have not appeared in this action, and have not answered or otherwise responded to the initial or amended complaint within the time allotted by the Federal Rules of Civil Procedure.

### D. Fraudulent Filing of Information Returns Claims

Plaintiffs also bring claims for fraudulent filing of information returns pursuant to 26 U.S.C. § 7434. AC ¶¶ (111)-(nnn). Section 7434 provides that, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing the return." 26 U.S.C. § 7434. The Amended Complaint does not specifically allege that Wang or any other defendant filed fraudulent information returns. And the only allegation concerning the filing of fraudulent information returns at all is completely conclusory. AC ¶ (nnn) ("*Due to Defendants' violations of 26 U.S.C. § 7434*, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiffs as a proximate result of the filing of the fraudulent information return . . . (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees." (emphasis added)). As Wang correctly argues, that naked conclusion, unsupported by any well-pleaded factual allegations, does not suffice to state a claim. *See Iqbal*, 556 U.S. at 678. Plaintiffs may not merely assume, or guess, that because Defendants allegedly failed to pay them minimum wage and overtime, they must also have filed fraudulent information returns. But even reading the allegations in the Amended Complaint in the light most favorable to Plaintiffs, that is all Plaintiffs have done. In fact, Plaintiffs have effectively conceded as much in their response to Wang's argument in favor of dismissal:

> Defendants are required by law to report wage compensation paid to their employees on federal and state income tax returns, including information returns with respect to income tax withheld. It is highly unlikely that Defendants reported accurate information on their federal and state income tax returns, including information returns with respect to income tax withheld. From the facts pleaded in the Amended Complaint, it is highly unlikely that Defendants reported accurate information on their federal and state income tax returns.

Pl.'s Mem. of Law of Opp'n to Mot. to Dismiss (ECF No. 66) at 9-10.

To survive a motion to dismiss, a plaintiff "must provide the grounds upon which his claim

17

rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). Because Plaintiffs have failed to satisfy that threshold with respect to their claims for fraudulent filing of information returns, those claims are dismissed.

## IV. LEAVE TO AMEND

In this circuit, "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Although Plaintiffs have already amended their complaint in response to Wang's first motion to dismiss, they have not yet had an opportunity to do so in response to an opinion of the Court. Accordingly, the Court cannot conclude that allowing Plaintiffs to amend once again would be futile. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 191 (2d Cir. 2015). The Court grants Plaintiffs leave to amend the complaint, solely with respect to those claims that have been dismissed without prejudice, to correct the deficiencies identified in this opinion. Any amended complaint must be filed no later than 30 days after the date of this order.

## V. CONCLUSION

For the foregoing reasons, Defendant Tsu Yue Wang's motion to dismiss is GRANTED IN PART and DENIED IN PART.

Counts 8 and 12 are dismissed without prejudice.

Count 10 is dismissed, with prejudice, with respect to the following plaintiffs: Jianjun Chen, Qing Pu, Youchun Zheng, Allen Chun Kang, Minzhong Duan, Chee Kiang Foo, Jianshe Wang, Guolong Fu, Guanzheng Sun, and Genxiang Zhang.

Defendant Wang's motion is denied with respect to all other counts in the Amended Complaint.

Plaintiffs are granted leave to replead Counts 8 and 12 no later than 30 days after the date of this order.

The Clerk of Court is directed to terminate the motion pending at ECF No. 61.

SO ORDERED.

Dated: June 15, 2017
New York, New York

_____
GREGORY H. WOODS
United States District Judge