UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
**JIANJUN CHEN, et al.**　　　　　　　　　　　　　　　　Docket No.: 16-CV-5735 (GHW)

　　　　　　　　　　**Plaintiffs,**

　　　　-against-

**2425 BROADWAY CHAO RESTAURANT, LLC, et al.**

　　　　　　　　　　**Defendants.**
-------------------------------------------------------------------X

## DEFENDANTS 2425 BROADWAY LLC AND TSU YUE WANG'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SANCTIONS

*Of counsel*
Joseph M. Labuda
Matthew A. Brown

**MILMAN LABUDA LAW GROUP PLLC**
*　　*　　*　　*
**3000 MARCUS AVE., SUITE 3W8**
**LAKE SUCCESS, NY 10042**
**(516) 328-8899**

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ........................................................................................................ 1

**PROCEDURAL HISTORY & RELEVANT FACTS** ................................................................... 4

**STANDARD** ........................................................................................................................................ 9

**ARGUMENT** ..................................................................................................................................... 10

   **POINT I**
   **THERE IS NO BASIS IN LAW OR FACT FOR CLAIMS AGAINST T.Y. WANG**
   **DEFENDANTS ALLEGED IN THE COMPLAINT** ............................................................. 10

   **POINT II**
   **RULE 11 SANCTIONS SHOULD BE IMPOSED** ............................................................... 11

**CONCLUSION** .................................................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**
16 Casa Duse, LLC v. Merkin, 791 F.3d 247 (2d Cir. 2015) ......................................................... 9
Apolinar v. R.J. 49 Rest., LLC, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016) ... 12, 13
Camara v. Kenner, 2018 U.S. Dist. LEXIS 54039, *19 (S.D.N.Y. Mar. 29, 2018) ..................... 12
Chambers v. NASCO, Inc., 501 U.S. 32, 47, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) .... 9, 10,11
Chen v. DG&S, NY, Inc., 2016 U.S. Dist. LEXIS 135285, *7-10
    (S.D.N.Y. Sept. 29, 2016) ........................................................................................................ 12
Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S. Ct. 2447,
    110 L. Ed. 2d 359 (1990) .......................................................................................................... 9
Davis v. Ching Yi Cheng, 2017 U.S. Dist. LEXIS 212738, *19-21 (E.D.N.Y. Dec. 28, 2017) .. 12
Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770 (2d Cir. 1988) .............................. 9
Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569 (S.D.N.Y. 2004) ............ 15
Knipe v. Skinner, 19 F.3d 72 (2d Cir. 1994). ............................................................................... 11
Landmark Ventures, Inc. v. Cohen, 2014 U.S. Dist. LEXIS 165366, *17
    (S.D.N.Y. Nov. 25, 2014) ....................................................................................................... 15
Margo v. Weiss, 213 F.3d 55 (2d Cir. 2000) ................................................................................ 15
McMunn v. Mem'l Sloan-Kettering Cancer Ctr., 191 F. Supp. 2d 440 (S.D.N.Y. 2002) ............ 10
Morley v. Ciba-Geigy Corp., 66 F.3d 21 (2d Cir. 1995) ............................................................... 9
Roeder v. Rogers, 206 F. Supp. 2d 406 (W.D.N.Y. 2002) .......................................................... 15
Schottenstein v. Schottenstein, 230 F.R.D. 355 (S.D.N.Y. 2005) ................................................ 15
Shangold v. Walt Disney Co., 2006 WL 71672, *4 (S.D.N.Y. Jan. 12, 2006) ............................. 10
State St. Bank v. Inversiones Errazuriz, 374 F.3d 158 (2d Cir. 2004) .......................................... 9
Truong v. New York Hotel and Motel Trades Council, 2011 U.S. Dist. LEXIS 3985
    (S.D.N.Y. Jan. 12, 2011) ......................................................................................................... 15
Weinraub v. Glen Rauch Sec., Inc., 419 F. Supp. 2d 507 (S.D.N.Y. Dec. 9, 2005) .................... 15
Yu Sen Chen v. MG Wholesale Distrib., 2018 U.S. Dist. LEXIS 76259
    (E.D.N.Y. May 4, 2018) ......................................................................................................... 12
Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584 (2d Cir. 2016) ..................................... 9

**Statutes**
28 U.S.C. § 1927 ............................................................................................... 3, 9, 13, 14, 16
Fed. R. Civ. P. 11(b). .............................................................................................................. 9, 14
Fed. R. Civ. P. 11(b)(1) ............................................................................................................ 3, 16
Fed. R. Civ. P. 11(c) ...................................................................................................................... 9
Fed. R. Civ. P. 11(c)(1) .................................................................................................................. 9
Fed. R. Civ. P. 11(c)(4). ............................................................................................................... 14
Fed. R. Civ. P. 12 ......................................................................................................................... 15
Fed. Rule Civ. Proc. 26(g) ................................................................................................ 3, 11, 16
Fed. Rule Civ. Proc. 26 26(g)(3) .................................................................................................. 14

**PRELIMINARY STATEMENT**

Troy Law, PLLC engaged in a calculated campaign to distort the truth and make 2425 Broadway LLC and Tsu Yue Wang liable on paper (such as in the Complaints and Interrogatories), but their scheme collapsed like a deck of cars when Plaintiffs testified under oath at their depositions. This type of conduct is both shameful and sanctionable. F.R.C.P. Rule 11 requires an attorney to investigate and ensure the factual and legal basis for a claim before filing any paper with the Court. Troy Law, PLLC did not do this in the slightest and, in fact, may likely have known it submitted false statements to the Court.

In this case, the evidentiary record establishes that Plaintiffs' counsel, Troy Law, PLLC ("Troy Law"), failed to reasonably investigate Plaintiffs' claims and improperly dragged 2425 Broadway LLC ("2425 LLC") and Tsu Yue Wang ("T.Y. Wang") (collectively "T.Y. Wang Defendants") into this litigation without any legitimate factual or legal basis, which unnecessarily wasted the T.Y. Wang Defendants' time and resources. Accordingly, Troy Law should be sanctioned for their failure to conduct a reasonable inquiry into, filing of and repeated refusal to withdraw Plaintiffs' claims against the T.Y. Wang Defendants.

Specifically, there is absolutely no evidence supporting any claims alleged in the Complaint that T.Y. Wang Defendants are liable for unpaid wages allegedly owed to Plaintiffs. From July 2010 to May 17, 2015 ("C.C. Wang Time Period"), Ollie's to Go was owned and operated by Chao Ching Wang ("C.C. Wang") and 2425 Broadway Chao Restaurant, LLC ("2425 Chao"). The T.Y. Wang Defendants were not Plaintiffs' employer and cannot be liable for any unpaid wages during the C.C. Wang Time Period. On and after May 18, 2015 ("T.Y. Wang Time Period"), Plaintiffs admitted that they were paid properly by the T.Y. Wang Defendants.

1

During the course of this litigation, Troy Law had multiple opportunities to fix their mistakes in all four (4) versions of the Complaint after being warned about their inaccurate facts, but held firm to their illusory position that T.Y. Wang was Plaintiffs' employer and liable for unpaid wages. This illusion was never real, yet Troy Law remained steadfast, refusing to drop the T.Y. Wang Defendants in the face of a mountain of evidence warranting their removal from the case. Troy Law refused because (1) it was easier to keep the T.Y. Wang Defendants in the case; (2) it provided another possible means of recovery beyond Plaintiffs' true employer, C.C. Wang; (3) Troy Law thought that the T.Y. Wang Defendants may likely settle as many defendants do; and (4) Troy Law thought it would suffer no penalty for its misdeeds. All four (4) explanations are unjustifiable, unprofessional and significantly injured the T.Y. Wang Defendants, warranting substantial sanctions.

In fact, prior to the inception of this case and throughout this litigation, Troy Law was repeatedly warned that T.Y. Wang was not involved in the operation of Ollie's to Go during the C.C. Wang Time Period. T.Y. Wang produced documentary evidence regarding his relationship with Ollie's to Go, filed two (2) Motions to Dismiss and sent multiple Rule 11 Notices in an attempt to extract himself and avoid unnecessary litigation. Instead of conducting a reasonable inquiry into the facts and law (e.g., discussing relevant facts with Plaintiffs), Troy Law filed four (4) different versions of the Complaint including unsubstantiated allegations that T.Y. Wang employed Plaintiffs during the C.C. Wang Time Period. Troy Law repeatedly refused to withdraw such claims. On September 1, 2017, Troy Law also drafted, signed and served Plaintiffs' Interrogatory Responses and Responses to Requests for Admissions with similarly inaccurate representations regarding T.Y. Wang's involvement at Ollie's to Go during the C.C. Wang Time Period. Most egregiously, on March 13 and 22, 2018, Troy Law materially

misrepresented to the Court that Plaintiffs explicitly testified that T.Y. Wang directed their job duties during the C.C. Wang Time Period, when in fact there was no such testimony. Based on this continued malfeasance T.Y. Wang incurred extensive attorneys' fees and costs (e.g. fees and costs associated with, *inter alia*, (a) Motions to Dismiss, (b) responses to four (4) versions of the Complaint, (c) written discovery, (d) fourteen (14) depositions, (e) Motion for Summary Judgment and (f) the instant motion).

The evidentiary record also confirms that Troy Law improperly filed claims against T.Y. Wang Defendants which arose on or after May 18, 2015. Plaintiffs who worked during the T.Y. Wang Time Period admitted that they were paid properly during that time frame. If Troy Law properly investigated this facet of Plaintiffs' employment, such claims never would have been filed. In addition, Troy Law drafted, signed and served Interrogatory Responses and Responses to Requests for Admissions which do not remotely resemble Plaintiffs' testimony, misrepresented the evidentiary record on this issue in open Court and refused to withdraw the claims upon notice.[1]

Accordingly, Defendants 2425 LLC and T.Y. Wang submit this memorandum of law in support of their motion (a) an order directing Troy Law to pay monetary sanctions and attorneys' fees pursuant to (i) Rules 11(b)(1), (2) & (3), 11(c) and Rule 26(g); (ii) 28 U.S.C. § 1927; and/or (iii) and the Court's inherent power, and (b) for such other and further relief as the Court deems just and proper.

[SPACE INTENTIONALLY LEFT BLANK]

---

[1] Similarly, Minzhong Duan ("Duan") admitted that he was paid properly for his period of employment in 2010. This admission is not reflected in Plaintiffs' discovery responses and Duan's claims have not been withdrawn.

**PROCEDURAL HISTORY & RELEVANT FACTS**

A. **NYS Action**

On November 27, 2015, Plaintiffs filed a Complaint against 2425 Chao and T.Y. Wang for, *inter alia*, unpaid wages in the Supreme Court of the State of New York, County of New York (Index No. 162214/2015) ("NYS Action"). (Labuda Dec., Ex. "A").

On May 5, 2016, this office contacted Michael Samuel (Plaintiffs' counsel at the time) to advise him that C.C. Wang, not T.Y. Wang, owned 2425 Chao and explaining the T.Y. Wang Defendants' relationship as the sub-landlord. (Labuda Dec. ¶ 2). In furtherance of the conversation, T.Y. Wang produced the sublease between 2425 LLC and 2425 Chao. (Labuda Dec. ¶ 2, Ex. "B"). On May 20, 2016, Plaintiffs consented to dismiss claims asserted against T.Y. Wang without prejudice. (Labuda Dec. ¶ 3, Ex. "C"). In response to numerous attempts to secure an executed stipulation of dismissal, on June 6, 2016, Michael Samuel notified Milman Labuda Law Group PLLC that Troy Law had been substituted as Plaintiffs' counsel. (Labuda Dec. ¶ 4, Ex. "D").

Thereafter, this office contacted Troy Law on multiple occasions regarding a stipulation to dismiss claims against T.Y. Wang. (Labuda Dec. ¶ 5, Ex. "E"). On June 23, 2016, T.Y. Wang filed a stipulation discontinuing claims asserted against him without prejudice in the NYS Action. (Labuda Dec., Ex. "F"). Shortly thereafter, Plaintiffs fully withdrew the NYS Action on June 28, 2016. (Labuda Dec., Ex. "G").

B. **Plaintiffs File Multiple Complaints in S.D.N.Y. Against T.Y. Wang Defendants Without Any Factual or Legal Basis**

On July 20, 2016, Plaintiffs filed the instant action alleging, *inter alia*, claims for unpaid wages pursuant to the FLSA and N.Y. Lab. Law from July 2010 through September 2015. (See Dkt. No. 1). Plaintiffs alleged that T.Y. Wang was their employer because he (a) owned both

4

2425 Chao and Trattoria Di Vino, (b) dispatched Plaintiffs to make deliveries for both restaurants, (c) scheduled Plaintiffs to distribute flyers for both restaurants, (d) hired Guangzheng Sun, (d) came to the restaurant on a regular basis to meet with chefs and cashiers, taste dishes and look around, and (e) otherwise had operational control of 2425 Chao (i.e. had the power to hire and fire, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment and maintained employee records). (Id. at ¶¶ 31, 33-37). On December 3, 2016, Plaintiffs filed the First Amended Complaint again enumerating allegations ¶¶ 31, 33-37 and also adding allegations that "upon information and belief" T.Y. Wang hired "John" Wang to oversee the restaurant in his absence and that T.Y. Wang directed "John" Wang how to manage the business, including the discipline of employees. (See Dkt. No. 56, ¶¶ 31, 33-39). As outlined below, none of these allegations in the Complaint and First Amended Complaint proved to be true.

Eventually, Plaintiffs filed a Second Amended Complaint on July 15, 2017, including the same substantive allegations ¶¶ 31, 33-39 regarding T.Y. Wang's "operational control." (See Dkt. No. 79). During the pendency of discovery, on December 11, 2017, Plaintiffs filed a Third Amended Complaint, adding 2425 LLC as a Defendant on the basis that it was Plaintiffs' employer during the T.Y. Wang Time Period. (See Dkt. No. 121 at ¶ 42). As with the first two (2) iterations of the Complaint, the Second and Third Amended Complaints' allegations as to liability for unpaid wages proved not to be true.[2]

---

[2] This is based on Plaintiffs sworn deposition testimony which directly contradicts their Verified Interrogatory Responses and Responses to Requests for Admissions on September 1, 2017. (Labuda Dec., Exs. "H" & "I" respectively). Plaintiffs verified, inter alia, that T.Y. Wang controlled and/or directed all of their work duties and terminated Pu's employment. (Labuda Dec., Ex. "H", No. 17). Plaintiffs also verified that their personal knowledge of and basis for believing that T.Y. Wang was their employer also included the facts that T.Y. Wang (a) directed them to perform work tasks (i.e. mopping the floor and other miscellaneous tasks), (b) came to restaurant on regular basis, communicated with kitchen chefs and cashiers, tasted dishes and looked around, (c) Wang told employees they were not permitted to rest in the basement; and (d) was named in other lawsuits "pertaining to Ollie restaurant chain." (Labuda Dec., Ex. "H", Nos. 18-19). Their only basis for alleging that T.Y. Wang hired C.C. Wang to

5

### C. Plaintiffs' Deposition Testimony Squarely Contradicts Plaintiffs' Claims

As outlined in detail in the T.Y. Wang Defendants' Motion for Summary Judgment, Plaintiffs' deposition testimony contradicted each version of the Complaint and Plaintiffs' written discovery responses. This testimony makes two (2) things very clear: (1) the T.Y. Wang Defendants are not liable to Plaintiffs for any unpaid wages; and (2) Troy Law failed to properly investigate Plaintiffs' claims against the T.Y. Wang Defendants (before and during this litigation) and later improperly refused to withdraw claims against the T.Y. Wang Defendants for its own pecuniary gain.

For example, Plaintiffs testified that C.C. Wang, Cindy and/or Kang interviewed, hired and fired them. In fact, Pu admitted that he was terminated by C.C. Wang, not T.Y. Wang as asserted in his discovery responses. Moreover, all Plaintiffs testified that C.C. Wang, Cindy and/or Kang directed their work activities, set their schedules and/or advised them of their wage rates. In contrast, Plaintiffs testified that they only saw T.Y. Wang meet with the chefs and managers, but were unaware of the substance of their conversations. Plaintiffs also admitted that they either never spoke with T.Y. Wang or only exchanged greetings with him. This testimony squarely contradicts the allegations in the multiple Complaints against T.Y. Wang during the C.C. Wang Time Period.[3]

---

oversee the restaurant was that T.Y. Wang told this to Pu. (Labuda Dec., Ex. "H", No. 20). Pu individually asserted that he complained to T.Y. Wang regarding his wages and was terminated by T.Y. Wang. (Labuda Dec., Ex. "H", Nos. 13, 16). As outlined herein, these facts were not substantiated. In addition, Plaintiffs also admitted that C.C. Wang and/or Cindy hired them, terminated them, disciplined them, set their wage rates, controlled and/or directed work duties and set their schedule, which completely undermines and undercuts their claim against T.Y. Wang was their employer. (Labuda Dec., Ex. "I", No. 17). They also admitted that they had no knowledge whether T.Y. Wang had the power to set schedules or wage rates at the restaurant. (Labuda Dec., Ex. "I", Nos. 32-33). Strikingly, all of Plaintiffs' discovery responses were drafted and signed by Troy Law in English, even though Plaintiffs exclusively speak Mandarin and all required Mandarin translators at their depositions. (Labuda Dec. ¶ 11). There is no indication that responses were translated into Plaintiffs' native language for verification purposes. Thus, Plaintiffs who speak little or no English, could not have understood the responses which they "verified."

[3] Pu explicitly admitted that he was terminated by C.C. Wang and that his only interaction with T.Y. Wang was when T.Y. Wang encouraged him to do a good job. (SOF ¶¶ 62, 65). This testimony contradicts Pu's discovery

In addition, Plaintiffs who were employed at Ollie's to Go after May 18, 2015 specifically testified that they were paid properly for all hours during the T.Y. Wang Time Period. Similarly, Duan testified that he was paid for all of his hours worked during his employment in 2010. However, such facts were not reflected in any version of the Complaint.[4]

### D. T.Y. Wang Defendants Serve Rule 11 Notices

On December 7, 2016, T.Y. Wang served a Rule 11 Notice on Troy Law, requesting, *inter alia*, withdrawal of claims asserted against him. (Labuda Dec., Ex. "K"). The Rule 11 Notice emphasized the procedural history between the parties and discredited the veracity of the new allegations included in the First Amended Complaint. Id.

On March 8, 2018, after the completion of fact discovery, T.Y. Wang Defendants served a second Rule 11 Notice demanding that all claims against them were meritless and must be dismissed or Plaintiffs would be subject to sanctions. (Labuda Dec., Ex. "L"). This notice reiterated T.Y. Wang's position that he was not Plaintiffs' employer during the C.C. Wang Time Period, that Plaintiffs were properly paid during the T.Y. Wang Time Period and that Duan had no claims against any Defendants whatsoever. Id.

### E. Troy Law Made Material Misrepresentations to the Court At The In-Person Pre-Motion Conferences

#### 1. March 13, 2018 Pre-Motion Conference

On March 13, 2018, the Court held a pre-motion conference regarding Defendants' anticipated Motion for Summary Judgment. (Labuda Dec., Ex. "M"). At the conference, Aaron

---

responses indicating that T.Y. Wang advised Pu that he owned Ollie's to Go, Pu complained to T.Y. Wang regarding his wages and T.Y. Wang terminated Pu's employment.

[4] Plaintiffs' discovery responses generally set forth these Plaintiffs were not paid properly for their entire periods of employment. (See Labuda Dec., Exs. "H" and "I"). On March 28, 2018, Plaintiffs who worked during the T.Y. Wang Time Period served discovery responses, including responses to 2425 LLC's First Request for Admissions. (See Labuda Dec., Ex. "J") Similarly, these responses did not conform with these Plaintiffs' testimony that they were paid properly during the T.Y. Wang Time Period. (E.g., Labuda Dec., Ex. "J", Nos. 9, 11).

7

Schweitzer, an associate at Troy Law, misrepresented Plaintiffs' deposition testimony, stating that "[i]n every plaintiff's deposition, all of them stated that they understood T.Y. Wang to be their ultimate boss" and that T.Y. Wang "would give directions to plaintiffs' immediate supervisors, and that those immediate supervisors would then give directions to plaintiffs." (Labuda Dec., Ex. "M", p. 15:1-24). As discussed above, this was not Plaintiffs' testimony.

### 2. March 22, 2018 Pre-Motion Conference

At a rescheduled conference on March 22, 2018, John Troy ("Troy"), Troy Law's principal, also made numerous misrepresentations to the Court regarding Plaintiffs' testimony.

Specifically, Troy stated that Plaintiffs all testified at their deposition that T.Y. Wang was their boss, directed management to instruct employees and at other times instructed employees directly (Labuda Dec., Ex. "N", pps. 5:9-6:19, 8:6-9:1). Although he was not present at any depositions and did not read the transcripts, Troy astonishingly answered in the affirmative when specifically asked if his "assertion is that plaintiffs testified in their depositions … that Mr. Tsu Yue Wang specifically directed them regarding how to conduct their work as employees of the restaurant." (Labuda Dec., Ex. "N", pps. 9:2-14). This representation could not have been further from the truth as Plaintiffs admitted that they never spoke substantively with T.Y. Wang.

Troy also stated that there was no basis to withdraw any claims which arose after May 18, 2015 because Plaintiffs were only asked whether or not they were paid properly and were not asked whether time shaving policies continued "after or before May 18, 2015." (Labuda Dec., Ex. "N", pps. 13:13-14:3). In reality, Plaintiffs were asked about and specifically testified regarding differences in pay practices during both the C.C. Wang Time Period and T.Y. Wang Time Period, stating that they were paid properly during the T.Y. Wang Time Period.

8

## **STANDARD**

Rule 11 requires that an attorney or party, certify to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that any pleading presented to the court contains claims that contain a legally sufficient basis, and that the allegations and other factual contentions have evidentiary support. Fed. R. Civ. P. 11(b).

One of the basic purposes of Rule 11 is to "deter baseless filings in the district court . . . ." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). Under Fed. R. Civ. P. 11(c), a district court may impose sanctions on a party or his counsel (or both), for failing to comply with Rule 11(b). In fact, sanctions are appropriate where "it should have been patently obvious to any attorney who had familiarized himself with the law" that his action was frivolous. Four Keys Leasing & Maint. Corp. v. Simithis, 849 F.2d 770, 773 (2d Cir. 1988); see, e.g., Morley v. Ciba-Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995) ("An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions, if under an objective standard of reasonableness, it is clear . . . that there is no chance of success and no reasonable argument to extend, modify or reverse the law as it stands.")." Moreover, where the arguments for asserting claims are made by counsel, the Rule 11 sanctions should be imposed on the lawyer and law firm responsible for making those arguments. See Fed. R. Civ. P. 11(c)(1).[5]

---

[5] Similarly, under 28 U.S.C. **§** 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Sanctions under 28 U.S.C. § 1927 are proper only when the attorney's actions are "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 591 (2d Cir. 2016) quoting State St. Bank v. Inversiones Errazuriz, 374 F.3d 158, 180 (2d Cir. 2004); *accord* 16 Casa Duse, LLC v. Merkin, 791 F.3d 247, 264 (2d Cir. 2015).

In addition, the "Court has the inherent power to do whatever is reasonably necessary to deter abuse of the judicial process and assure a level playing field for all litigants." Shangold v. Walt Disney Co., 2006 WL 71672, *4 (S.D.N.Y. Jan. 12, 2006) (Pauley, J.), *aff'd* 275 Fed. App'x 72 (2d Cir. 2008). This inherent authority includes the power to sanction a party for committing a fraud on the court and other abuses of the judicial process. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44-46, 50 (1991). A fraud on the court occurs where clear and convincing evidence establishes that "a party lie[d] to the court and his adversary intentionally, repeatedly, and about issues that

Here, Troy law either (a) did not conduct a reasonable investigation into the facts and law of the case or worse, (b) knew that T.Y. Wang Defendants were not liable to Plaintiffs, but filed false and misleading allegations and statements to the Court. Any way you slice it, Troy Law should be sanctioned.

**ARGUMENT**

**POINT I**
**THERE IS NO BASIS IN LAW OR FACT FOR CLAIMS AGAINST T.Y. WANG DEFENDANTS ALLEGED IN THE COMPLAINT**

As outlined in detail in T.Y. Defendants' Motion For Summary Judgment, there is no basis for any claims for unpaid wages against T.Y. Wang Defendants.

In fact, all evidence supports the proposition that C.C. Wang and his day-to-day manager, Cindy Cheah ("Cindy"), exclusively controlled the terms and conditions of Plaintiffs' employment (e.g. hired, fired, disciplined, set wage rates, set schedules and directed job duties). In contrast, during the C.C. Wang Time Period, the T.Y. Wang Defendants were solely involved with Ollie's to Go as the sub-landlord and food consultant without exercising any control over Plaintiffs' employment. Thus, the T.Y. Wang Defendants were not Plaintiffs' employer during the C.C. Wang Time period.

Further, the T.Y. Wang Defendants operated Ollie's to Go on and after May 18, 2015 and all Plaintiffs who worked at Ollie's to Go during the T.Y. Wang Time Period specifically admitted that they were properly paid all wages during for that time period. Thus, there is no factual or legal basis to hold the T.Y. Wang Defendants liable for Plaintiffs' alleged unpaid wages. Yet, Troy Law refused to release the T.Y. Wang Defendants from the litigation in the face of absolutely no supporting evidence or legal theory. This is sanctionable.

---

are central to the truth-finding process," McMunn v. Mem'l Sloan-Kettering Cancer Ctr., 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002) (Buchwald, J.).

# POINT II
# RULE 11 SANCTIONS SHOULD BE IMPOSED

### A. Troy Law Failed to Conduct A Reasonable Inquiry

In the instant case, it is clear that prior to filing the various versions of Complaint and during the course of litigation, Troy Law did not conduct a reasonable inquiry to determine whether there was a factual and/or legally sufficient basis to pursue claims against T.Y. Wang Defendants or worse, simply filed papers with the Court it knew to be untrue.

The reasonable inquiry element is measured by an objective standard of reasonableness under the circumstances. See Chambers v. NASCO, Inc., 501 U.S. 32, 47, 111 S. Ct. 2123, 2134, 115 L. Ed. 2d 27 (1991) ("Rule 11 . . . imposes an objective standard of reasonable inquiry which does not mandate a finding of bad faith."). Subjective good faith on the part of the attorney is insufficient to avoid sanction. See Knipe v. Skinner, 19 F.3d 72, 75 (2d Cir. 1994). The court must examine the objective knowledge of the attorney at the time the challenged paper was signed to determine whether the claim was well grounded in both law and fact. See Cooter & Gell, 496 U.S. at 399; Knipe, 19 F.3d at 75.

Here, Plaintiffs' prior counsel, Samuel & Stein, agreed to withdraw any claims against T.Y. Wang in the NYS Action when confronted with evidence showing that T.Y. Wang was not the owner of or involved in Ollie's to Go during the C.C. Wang Time Period. In contrast, Troy Law failed to conduct the appropriate investigation into the same issue and filed the instant action, alleging that T.Y. Wang was Plaintiffs' employer during the C.C. Wang Time Period, Minzhong Duan was not paid for all hours worked and that other Plaintiffs had viable unpaid wage claims during the T.Y. Wang Time Period.[6]

---

[6] Similarly, Troy Law drafted, signed and served Plaintiffs' Interrogatory Responses setting forth "facts" which purportedly supported these allegations. These facts were later dispelled by Plaintiffs' own depositions. Therefore, it is readily apparent that Troy Law violated Rule 26(g).

After motion practice and T.Y. Wang's offer to informally exchange additional documents evidencing he was not an employer during the C.C. Wang Time Period, Troy Law continued to press forward filing numerous versions of the Complaint, even asserting additional allegations regarding T.Y. Wang's involvement in Ollie's to Go which had no basis in fact.[7] However, at their depositions, Plaintiffs admitted that T.Y. Wang had nothing to do with their employment and only saw him at Ollie's to Go performing his food consulting duties.[8]

Moreover, for nearly two and a half (2.5) years, in all versions of the Complaint Troy Law pursued claims for Plaintiffs who worked during the T.Y. Wang Time Period despite Plaintiffs' admissions that they were properly paid for all hours worked during that time. Equally disturbing, Troy Law pursued unpaid wage claims for Duan despite his admission that he was paid for all hours during his entire employment in 2010.

In similar cases, courts have imposed sanctions. In fact, another plaintiff's firm was recently sanctioned for like conduct by Judge Pamela K. Chen. See Yu Sen Chen v. MG Wholesale Distrib., 2018 U.S. Dist. LEXIS 76259 (E.D.N.Y. May 4, 2018) (sanctioning plaintiff's counsel for filing FLSA minimum wage claims despite knowledge that plaintiffs were paid above minimum wage for a portion of their employment because it was counsel's obligation "under Rule 11 to withdraw the Complaint [or portions of the Complaint] because they knew – by [the filing date] if not earlier that [some of] their allegations on the central and dispositive)

---

[7] For example, Plaintiffs alleged that T.Y. Wang hired C.C. Wang to oversee the restaurant in his place, an allegation which they had no knowledge of and was confirmed as false at both T.Y. Wang and C.C. Wang's depositions. Plaintiffs also admitted that they had no such knowledge.

[8] Troy Law was fully aware of the applicable law throughout this litigation. In fact, they have represented other plaintiffs who have lost on the exact issue of employer liability in other actions. See Camara v. Kenner, 2018 U.S. Dist. LEXIS 54039, *19 (S.D.N.Y. Mar. 29, 2018); Davis v. Ching Yi Cheng, 2017 U.S. Dist. LEXIS 212738, *19-21 (E.D.N.Y. Dec. 28, 2017); Chen v. DG&S, NY, Inc., 2016 U.S. Dist. LEXIS 135285, *7-10 (S.D.N.Y. Sept. 29, 2016); Apolinar v. R.J. 49 Rest., LLC, 2016 U.S. Dist. LEXIS 65733 (S.D.N.Y. May 18, 2016). These decisions highlight Troy Law's pervasive and routine conduct which wastes precious judicial resources and unnecessarily delays/multiplies proceedings. T.Y. Wang Defendants respectfully request that this Court put an end to Troy Law's vexatious abuse of the legal process and award sanctions commensurate to deter similar conduct in the future.

issue in the case were 'utterly lacking in support.'")(internal citations omitted). Troy Law's conduct squarely fits within this reasoning.

As if the above-referenced conduct was not enough, Troy Law misrepresented Plaintiffs' testimony on these various issues to the Court at two (2) separate in-person conferences in March 2018. Specifically, on March 13 and 22, 2018, Troy Law explicitly misrepresented Plaintiffs' testimony to the Court regarding T.Y. Wang's involvement at Ollie's to Go (i.e. that he instructed Plaintiffs directly). In reality, Plaintiffs all testified that they never spoke with T.Y. Wang (or only exchanged pleasantries). Furthermore, on March 22, 2018, Troy Law misrepresented that there was no deposition testimony differentiating time-shaving policies before or after May 18, 2015 to the Court despite the clear testimony to the contrary.[9]

If Troy Law conducted a reasonable inquiry into the issues raised herein, T.Y. Wang Defendants would not have been named in the instant action. However, a darker scenario is also likely. It is reasonable to assume that Troy Law met with Plaintiffs before filing the Complaint, but did not implicate the T.Y. Wang Defendants. Yet, Troy Law knowing that the Defendants have been sued before, decided to make false allegations against T.Y. Wang Defendants as employers. At their depositions, Plaintiffs all testified under oath to facts establishing no liability against the T.Y. Wang defendants. This testimony was likely the same information Plaintiffs told Troy Law at the inception of the case. Despite these admissions, Troy Law chose to abandon the truth and their professional obligations and assert false claims against T.Y. Wang Defendants.

Based on Troy Law's malfeasance, T.Y. Wang Defendants were forced to litigate unsubstantiated claims for nearly two and a half (2.5) years, incurring exorbitant sums of

---

[9] Such bad-faith conduct, in conjunction with Troy Law's repeated refusals to withdraw claims against T.Y. Wang Defendants, caused unnecessary delay and multiplied proceedings (i.e. T.Y. Wang Defendants were forced to engaged in lengthy discovery and motion practice which could have been avoided by withdrawal of claims). Accordingly, sanctions are also appropriate pursuant to 28 U.S.C. § 1927 and/or the Court's inherent powers.

13

attorneys' fees and costs in the process. Consequently, sanctions must be imposed on Troy Law for violations of Fed. Rule Civ. Proc. 11(b).

### B. Proposed Rule 11 Sanctions

Rule 11 makes clear that sanctions are "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Sanctions may include an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. Id.

The slightest review of the facts and law (e.g., in-depth conversations with Plaintiffs and a good-faith review of corporate documents exchange prior to and during the pendency of this action) would have revealed a wholesale lack of liability for T.Y. Wang Defendants. This, in turn, should have prevented Plaintiffs from asserting such claims. However, after numerous attempts to informally resolve the issue, Troy Law refused to withdraw the claims for improper, self-serving reasons and even added additional unsubstantiated allegations regarding T.Y. Wang's "operational control" of Ollie's to Go in the various versions of the Complaint.[10] Here, the T.Y. Wang Defendants have been put through the proverbial "legal ringer" by having to expend substantial legal resources in their defense when, in reality, no such defense should have been required.

Accordingly, T.Y. Defendants request this Court to impose sanctions against Troy Law including (a) an award T.Y. Defendants reasonable attorneys' fees and costs incurred from the date of the filing of this action, (b) an award of monetary penalties and (c) for such other and

---

[10] Even worse, Troy Law drafted, signed and served Plaintiffs' discovery responses which were later refuted and contradicted at Plaintiffs' own depositions. Troy Law never conformed the discovery responses with such testimony. Most egregiously, in an effort to mislead the Court and continue to perpetrate a fraud against Defendants, Troy Law double-downed by baselessly mischaracterizing Plaintiffs' deposition testimony at two (2) in-person pre-motion Court conferences. Accordingly, similar sanctions are appropriate for Troy Law's discovery abuses and misrepresentations to the Court pursuant to Rule 26(g)(3), 28 U.S.C. § 1927 and the Court's inherent power.

further relief as this court deems just and proper. See Landmark Ventures, Inc. v. Cohen, 2014 U.S. Dist. LEXIS 165366, *17 (S.D.N.Y. Nov. 25, 2014) (sanctioning plaintiff's counsel $20,000 for frivolous arguments in opposition to a motion to dismiss as a "reasonable and sufficient" sanction "to deter repetition of the conduct or comparable conduct by others"); Truong v. New York Hotel and Motel Trades Council, 2011 U.S. Dist. LEXIS 3985 (S.D.N.Y. Jan. 12, 2011) (awarding sanctions of attorney's fees in the amount of $72,761.50); Weinraub v. Glen Rauch Sec., Inc., 419 F. Supp. 2d 507, 520 (S.D.N.Y. Dec. 9, 2005) (awarding sanctions of attorney's fees in the amount of $7,200.65).; Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569 (S.D.N.Y. 2004)(FLSA and New York Labor Law claims by accountant for overtime were without merit or factual support; attorney sanctioned $5,000); Schottenstein v. Schottenstein, 230 F.R.D. 355 (S.D.N.Y. 2005)(dismissal of most claims granted under Fed. R. Civ. P. 12 and attorneys required to pay attorneys' fees as sanction); Roeder v. Rogers, 206 F. Supp. 2d 406 (W.D.N.Y. 2002)(summary judgment granted and attorney required to pay the cost of legal services and expenses incurred in reviewing and defending against the complaint as sanctions); Margo v. Weiss, 213 F.3d 55, 65, (2d Cir. 2000) ("The district court acted well within its discretion in granting the defendants reimbursement for a portion of their attorney['s] fees to compensate them for the waste of the court's and counsel's time.").[11]

## CONCLUSION

Based on the foregoing, Defendants 2425 LLC and T.Y. Wang respectfully request that the Court grant their motion for (a) an order directing Troy Law to pay monetary sanctions and attorneys' fees pursuant to i) Rules 11(b)(1), (2) & (3), 11(c) and Rule 26(g); (ii) 28 U.S.C. §

---

[11] If this motion is granted, T.Y. Wang Defendants respectfully request leave to submit an accounting of their legal and other expenses and costs.

1927; and/or (iii) and the Court's inherent power, and (b) for such other and further relief as the Court deems just and proper.

Dated: Lake Success, New York
      May 22, 2018

**MILMAN LABUDA LAW GROUP, PLLC**

<u>Joseph M. Labuda, Esq.</u>
Joseph M. Labuda, Esq.
Matthew A. Brown, Esq.
Attorneys for Defendants
2425 Broadway LLC and Tsu Yue Wang
3000 Marcus Ave., Suite 3W8
Lake Success, NY  11042
(516) 328-8899