UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JIANJUN CHEN, et al., *on behalf of themselves and*               :
*others similarly situated*,                                      :
                                                                  :
                                            Plaintiffs,           :
                                                                  :
                        -against-                                 :
                                                                  :
WMK 89TH STREET LLC, et al.,                                      :
                                                                  :
                                            Defendants.           :
                                                                  :
------------------------------------------------------------------:
                                                                  X

<table>
<tr><td>USDC SDNY</td></tr>
<tr><td>DOCUMENT</td></tr>
<tr><td>ELECTRONICALLY FILED</td></tr>
<tr><td>DOC #: _____</td></tr>
<tr><td>DATE FILED: 8/27/2020</td></tr>
</table>

1:16-cv-5735-GHW

<u>ORDER</u>

GREGORY H. WOODS, District Judge:

        Plaintiffs commenced this action on July 20, 2016, alleging violations of the Fair Labor

Standards Act and New York Labor Law by numerous defendants.  Dkt. No. 1.  Only two

defendants appeared in this case, and the Court granted summary judgment in their favor on March

18, 2019.  Dkt. No. 185.  In the four years this case has been pending, Plaintiffs have taken no

meaningful steps to further their claims against the remaining defendants, and any efforts that have

been made were provoked by the Court's orders to show cause as to why this action should not be

dismissed for failure to prosecute.[1]  *See* Dkt. Nos. 217 and 248.

        Plaintiffs' counsel moved to withdraw from the case on June 18, 2020.  Dkt. No. 288.  After

granting counsel's motion, the Court informed *pro se* Plaintiffs that the deadline for filing any

subsequent applications for default judgment against the remaining defendants was August 7, 2020,

and that if it did not hear from Plaintiffs by that date, it would dismiss the case for failure to

prosecute.  Dkt. No. 305.  As of today, Plaintiffs have neither moved for default judgment in

---

[1] In response to the Court's orders to show cause, Plaintiffs moved for default judgment against the remaining defendants.  *See* Dkt. Nos. 257 and 259.  However, this application was inadequate for reasons unrelated to this order. *See* Dkt. No. 285.

response to that order nor otherwise manifested an intent to continue prosecuting this case.  They have offered no explanation for their failure to do so.

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).  When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider:  (1) the duration of Plaintiffs' failures; (2) whether Plaintiffs have received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions.  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  However, "a district court is not required to discuss each of the factors on the record."  *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*, No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent.").

It has been over four years since this case was filed, and Plaintiffs have only litigated the case against these defendants after being prompted by the Court through its orders to show cause.  Dkt. Nos. 217 and 248.  The Court provided Plaintiffs with a clear warning that further delays in litigating their remaining claims would result in dismissal, *see* Dkt. No. 305 and July 8, 2020 Hearing Transcript at 56:18-23, and even that message has failed to spur them to action.  Further, because Plaintiffs have failed to take meaningful steps against the defendants who remain in this case, "it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket."  *Antonio v. Beckford*, No. 05-cv-2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006).  In light of Plaintiffs' demonstrated disinterest in prosecuting their claims against these defendants, the Court does not believe that any lesser sanction other than dismissal would be effective.  Accordingly, this action is dismissed without prejudice for failure to prosecute pursuant to Rule 41(b).

The Clerk of Court is directed to terminate all pending motions, adjourn all deadlines, and close this case.  The Clerk of Court is further directed to serve this Order by certified mail on Plaintiffs and note proof of service on the docket.

SO ORDERED.

Dated:  August 27, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge